## LEVIN *v.* STANDARD FASHION CO.

### (*City Court of New York, General Term.* May 2, 1889.)

1. MASTER AND SERVANT—DISCHARGE—FORMER RECOVERY.

    A recovery by a discharged employé of the wages alleged to be actually due her is no bar to an action for damages for such discharge before the expiration of the term of employment, though the evidence in both actions is substantially the same, and the judgment in the former action was for a larger sum than was in fact due.

2. SAME—INSTRUCTION.

    In an action for a wrongful discharge, it is proper to charge that, if the plaintiff resigned her position with defendant's consent, the contract would thereby be terminated.

3. SAME—DAMAGES.

    In such an action, evidence that defendant offered to receive plaintiff back into its employ at the same salary, and on the same terms, is admissible in mitigation of damages.

Appeal from trial term.

Action by Elizabeth M. Levin against the Standard Fashion Company for damages incurred by her discharge from defendant's employment. Judgment for plaintiff, and defendant appeals.

Argued before McADAM, C. J., and BROWNE, J.

*A. C. Shenstone*, for appellant. *Theodore N. Melvin*, for respondent.

PER CURIAM. A discharged employé has two remedies: (1) An action for "wages," in which a recovery can be had only for wages actually earned and payable; (2) an action for "wrongful discharge," in which a recovery may be had for all damages not recoverable in an action for "wages." The actions may be prosecuted at the same time, for neither is a bar to the other. In the one case, wages actually due and payable are alone recoverable. In the other, damages are recoverable only from the time wages, as such, were actually due and payable. The distinction may seem fine, but it is settled by the authority of the court of appeals in *Perry* v. *Dickerson*, 85 N. Y. 345, and cannot be now questioned. The plaintiff was employed for one year from June 23, 1887, at $25 per week for the first six months, and $30 per week for the remaining six months, payable weekly. She remained in the employ of the defendant until Friday, December 9, 1887, when she was discharged. The plaintiff, about December 20, 1887, brought an action in the Third district court to recover one week's wages, up to December 10, 1887, which resulted in a judgment for the plaintiff for $25. The record shows that the action was for "wages,"—nothing more nor less. Subsequently this action was commenced for "wrongful discharge," and the defendant insists that because the plaintiff was discharged December 9th, and recovered judgment up to and including the following day, the recovery in the Third district court is a bar to this action. We think not. The plaintiff probably ought to have been defeated in her Third district court case, on the ground that one week's wages had not been earned,

because she had been discharged on Friday, and the wages did not become due and payable until the close of the following day, so that an "action for wages," technically so-called, was not maintainable; but the fact that she was not does not transform her action for "wages" into one for "wrongful discharge." The judgment in such an action does not bar this. *Perry* v. *Dickerson, supra.* The recovery here does not embrace anything recovered there, so that the plea tendered is extremely technical, and not to be favored. The evidence in both actions was, of course, substantially alike, because the facts testified to must have been the same in both cases. But the natures of the actions were by legal fiction essentially different. *Perry* v. *Dickerson, supra.* We have read the able brief of the appellant's attorney, and, while we agree with the correctness of most of his legal propositions, we disagree with his claim that they have any application to this case, further than we have applied them. There was no error in excluding what occurred at the trial in the Third district court case. The evidence offered was immaterial, for the reason that the evidence in the district court action must of necessity have been similar to that given in this action, but the point is, the one was for "wages," (the record proves this,) and the present action for "wrongful discharge" only. The distinction between the two forms of action is so close that it can only be determined by an inspection of the pleadings and record.

The charge of the trial judge, in reference to annulling or changing the contract of employment, is made the subject of an exception. There was no claim that the contract had been annulled or changed, other than by the alleged resignation of the plaintiff, and the trial judge charged that the plaintiff had the right to resign her position, if the defendant assented thereto, and that such resignation, so accepted, would terminate the contract; so that the theory of resignation was presented to the jury intelligently, and this was practically the only form of annulment of the hiring relied upon by the defendant.

The main objection to the recovery had, is the refusal of the trial judge to receive in evidence the paper marked "Deft.'s Ex. 2, for identification." By this the defendant offered to receive the plaintiff back into its employ at $30 per week, and she ought to have accepted the offer, and in this manner kept down the damages. *Bigelow* v. *Manufacturing Co.*, 39 Hun, 599. The trial judge thought this would be making a new contract, as in *Whitmarsh* v. *Littlefield*, 46 Hun, 418. In that case there was a plain proposition to give up the old arrangement or contract, and to accept in lieu thereof a new one, less beneficial to the employé. In this case there was no such proposition. The employé had been absolutely discharged, and five weeks thereafter the defendant proposed to give the plaintiff similar employment, at the rate of wages provided for by the contract. The cases are easily distinguishable. The plaintiff was bound to accept similar employment, if offered to her,—a thing she could not do without making a new contract with some one. But this would not have prejudiced her claim for the loss actually suffered up to that time. It would have prevented further loss to her. The loss of employment after that was clearly the result of her own imprudence. Wood, Mast. & Serv. 241. If the employer had found similar employment for the plaintiff elsewhere, the plaintiff could not have refused to accept it without mitigating her damages, and the defendant's offer to receive her back into its own employ on similar work, and at similar wages, as a logical consequence, produces the same result. The trial judge in his charge erroneously told the jury that they were not to consider this offer at all, and they evidently did not, for their verdict allowed damages for the full unexpired term of the contract. For this error the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless within 10 days the plaintiff stipulates to reduce the recovery to $135, the actual loss from December 10, 1887, to January 14, 1888, made up at the contract rate, as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| Dec. 10, 1887, to Dec. 17, 1887, | 1 week, | - | - | - | $25 | 00 |
| " 17, " " " 24, " | 1 week, - | - | - | | 25 | 00 |
| " 24, " " " 31, " | 1 week, | - | - | - | 25 | 00 |
| " 31, " " Jan. 7, 1888, | 1 week, - | - | - | | 30 | 00 |
| Jan. 7, 1888, " " 14, " | 1 week, | - | - | - | 30 | 00 |

$135 00

If this stipulation is given, the judgment, as modified, will be affirmed, without costs. *Goodsell* v. *Telegraph Co.*, 109 N. Y. 147, 16 N. E. Rep. 324.