SOLON HUMPHREYS AND EDWIN D. MORGAN, TRUSTEES OF THE CAR TRUST OF NEW YORK No. 2, RESPONDENTS, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Trustees of a voluntary association — right to sue — right to set up in a complaint a previous adjudication as constituting an estoppel against the defendant.*

In an action brought by the trustees of a voluntary association to recover moneys alleged to be due under an agreement entered into with the defendant for the use of certain chattels delivered to and used by it, the plaintiffs, for the purpose of showing their capacity to sue as parties plaintiff, set up in the complaint that a preceding suit had been brought against the defendant for other prior installments of money falling due under the same agreement, and that judgment had been recovered therein in favor of the plaintiffs, as trustees.

*Held*, that such allegations would not be stricken out from the complaint as irrelevant, upon the motion of the defendant.

In such a case the plaintiffs may rely upon their right, as trustees of an expressed trust under the terms of the agreement under which such voluntary association was formed, and also upon their right to rest upon the estoppel existing in their favor, against the defendant, by reason of the preceding adjudication.

*Semble*, that a voluntary association, formed under an agreement by which the trustees, who were to be appointed, were authorized to lease and provide for the sale of rolling stock, and which provided that the moneys to be paid therefor should be collected and received by them, are trustees of an express trust, within the provisions of section 449 of the Code of Civil Procedure, and empowered to maintain an action in their names, as trustees, for the recovery of such money.

APPEAL by the defendant, the New York, Lake Erie and Western Railroad Company, from an order, entered in the office of the clerk of the county of New York on the 5th day of March, 1890, which denied a motion to strike out certain portions of the complaint in the above-entitled action as immaterial and irrelevant.

The agreement under which the Car Trust of New York, of which the plaintiffs were trustees, was formed, provided, among other things, as follows:

13th. That the trustees should have power, under the direction of the board of managers, to make leases to the above-named defendants, The New York, Lake Erie and Western Railroad Company, of all the cars and locomotives which should thus be purchased

and delivered to them upon certain specified conditions, among which are the following, viz :

That the lessees should pay a rent to be determined in and by the respective leases which should be made, and also the expenses of conducting the trust, and a compensation to the trustees, not to exceed one thousand dollars per annum, and all taxes that might be imposed upon the property leased, or upon the interest payable upon the shareholder's certificates which should then be outstanding ; and also that upon full payment by the said lessees of all the rent or sums of money, which should be provided for in said leases respectively, then upon the payment by them of the further sum of one dollar, the said trustees should forthwith sell to said lessees the property so leased, which should forthwith thereupon become their absolute property.

14th. That the trustees should enforce the performance of all the covenants in said proposed leases, and should collect and receive the rents that should fall due thereunder, and should apply and distribute the same substantially as follows, viz. :

*Charles Steele*, for the appellant.

*George De Forest Lord*, for the respondents.

DANIELS, J. :

The action has been brought by the plaintiffs as the trustees of a voluntary association, to recover eight different amounts upon an agreement entered into with the defendant, for certain rolling stock delivered to and used by it.   This rolling stock was received by the defendant under and pursuant to the agreement, which was made for the term of ten years from the 1st of November, 1881, unless sooner terminated, as the agreement or lease itself afterwards provided it might be.   And by the covenants or stipulations contained in the agreement, the defendant bound itself to pay certain sums of money for the use of the rolling stock, and upon the full and complete payment of which it was to become the owner of that stock. A portion of the payments to be made consisted of half yearly sums during the term, which should be equal to six per cent per annum upon the whole amount of the principal represented by the certificates of shares issued under the authority of the association, and be

outstanding at the time of such payment. On the 17th of March, 1885, a further agreement was entered into, reducing this percentage to the sum of five per cent, so far as the reduction had, or should be authorized, or ratified, by the persons holding the certificates of the association. This reduction was qualified by certain other amounts from time to time payable, and not required to be noticed in the decision of the appeal. The holders of a majority of the certificates did ratify or authorize this change in the agreement, which originally had been made, but a minority of about $100,000 in amount declined to do that, and their refusal to ratify the reduction entitled them to the preceding rate of interest agreed to be paid by the defendant. And it was for the recovery of that difference that the action seems to have been brought, and to maintain it eight different causes of action of this description have been set forth in the complaint.

It was further alleged that a preceding suit had been brought against the defendant for other and prior installments, maturing under the lease or agreement, and that judgment had been recovered in favor of the plaintiffs as trustees for such installments. And it is these allegations relating to the prior recovery which the defendant applied to have stricken from the complaint.

The object of the motion is stated to be to place the defendant at liberty to demur to the complaint on the ground that the plaintiffs are without legal capacity to sue for the recovery of these installments maturing after the commencement of the preceding suit. In support of the motion it has been apparently assumed that, inasmuch as the association, known as "The Car Trust of New York Number 2," was voluntary and unincorporated, that the plaintiffs as trustees could not maintain an action for the recovery of these installments arising under the lease. But by the agreement under which the association was formed, and to which the defendant was a party, it was agreed that the trustees who were to be appointed should be authorized to lease and provide for the sale of the rolling stock as that was done in the agreement with the defendant, and that the installments, or moneys to be paid by the defendant, should be paid to, or recovered by them, and that vested these trustees with such power and authority as under section 449 of the Code of Civil Procedure empowered them to maintain this action. They were within

the language of that section trustees of an express trust, capable of enforcing the observance of the agreement with the defendant by action for the benefit of themselves and the associates in this manner represented by them.   And so it was considered by the court when the preceding action was disposed of by the General Term.

The manifest object of setting forth the proceedings in the action already determined was to establish the fact by way of estoppel against the defendant, that the plaintiffs, as trustees, were authorized to maintain this action.   The design and object of the allegations were to support the position that an adjudication to this extent had already been made in favor of the plaintiffs and against the defendant, and in that manner to prevent further litigation of it by the defendant.   There certainly appears to be no good reason for depriving the plaintiffs of this advantage, if it has in this manner been obtained by them.   Indeed, the court would have no right to divest them of that advantage, for it would be a fact tending to sustain their ability as trustees to prosecute and maintain the action.   To strike it out from the complaint would deprive the plaintiffs of a fact existing in their favor and considered by them to be material to the disposition of the controversy ; and that the court should not do simply for the purpose of exposing their complaint to the liability of a demurrer.   If the effect of the preceding judgment is to adjudicate the ability of the plaintiffs to maintain an action for the enforcement of the agreement made with the defendant, they are entitled to its benefit and to all the aid and assistance which may be secured by it in their favor.

If their right or ability to sue is dependent upon this fact, then, by striking out the allegations presenting it they might be defeated in the action, when, according to the existing circumstances, they would be entitled to maintain it ; and there is no good reason for placing them in that position.   If, under the agreement or by virtue of the preceding adjudication, or both together, they have obtained the authority to prosecute the defendant for the payment of these installments, they are entitled to the benefit of both so far as they will contribute to the maintenance of the action.   Facts which contribute to the right of the plaintiffs to maintain their action are in no possible sense either irrelevant or redundant ; but they are pertinent to the case, and there is no more authority for striking

out such facts in one case than there would be in any other. If these allegations could be stricken out to expose this complaint to a demurrer, then material averments might just as well be stricken out in other cases to afford the defendant the opportunity to demur. That practice would be literally trifling with the administration of the law, opposed not only to its spirit but also to its language.

The application was rightly denied and the order should be affirmed, with ten dollars costs and the disbursements attending the appeal.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and the disbursements attending the appeal.