### SHOOK *et al.* *v.* LYON.

*(Common Pleas of New York City and County, General Term.* December 1, 1890.)

1. EVIDENCE—BURDEN OF PROOF—MONEY HAD AND RECEIVED.

Defendant was employed by plaintiffs as book-keeper and cashier, his duty being to receive money, turn it over to plaintiffs, and enter the receipt in their books. In an action by them for money so received by him and not paid over, it appeared that he had made no entry of the transaction. *Held* that, on proof of the receipt of the money, his omission to make such entry would support an inference that he had not accounted, sufficient, even as against the presumption of innocence, to call upon him for proof that such money actually came to the possession of plaintiffs.

2. JUDGMENT—RES ADJUDICATA—SEPARATE CAUSE OF ACTION.

Defendant, in the course of his employment by plaintiffs, received, at different times, two sums of money, for which he failed to account. *Held*, that a recovery by them in an action against him for conversion of one of such sums did not bar an action brought by them at the same time to recover from him the other sum as money had and received to plaintiffs' use. The receipt and failure to account for each sum constituted a separate cause of action.

Appeal from sixth district court.

Action by Sheridan Shook and James Everard against James D. Lyon for money had and received. From a judgment for plaintiffs defendant appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Barlow & Wetmore,* (*George W. Weiffenbach,* of counsel,) for appellant. *David M. Newbeger,* for respondents.

BISCHOFF, J. The plaintiffs were brewers engaged in business under the firm name of Shook & Everard, and the defendant was employed by them as book-keeper and cashier for a period exceeding 10 years. In the course of his employment it was the duty of the defendant to receive payment of money from customers, and to account therefor to the plaintiffs, by turning over the money received, entering the receipt thereof in the cash-book kept for that purpose, and crediting the customer's account with the sum paid. After the defendant had left the plaintiffs' employ they discovered that one John H. Enhuss, a customer, held two receipts of the defendant purporting to be for money paid by Enhuss to the defendant on account of his indebtedness to the plaintiffs. These payments were made on separate and distinct occasions, one being for the sum of $150, for which, upon a corresponding date, the defendant had entered upon the plaintiffs' books the receipt of only $125; the

other was $75, for which no entry whatever had been made. Plaintiffs brought two actions in the sixth judicial district court, one being for the conversion of $25, the amount remaining uncredited on the $150 payment, and the other being for $75, money had and received to the use of the plaintiffs. The summonses in both these actions were served at the same time, and trial therein had on the same day. The trial in the suit for conversion immediately preceded the trial in the suit for money had and received, the decision in the former being reserved, at the time of the trial of the latter, which is the action wherein the judgment appealed from was rendered. To the claim of the plaintiff in the last-mentioned action the defendant had interposed the defense of "another action pending." It appeared on the trial that it was the duty of the defendant, as plaintiffs' cashier and book-keeper, to receive moneys from customers, to give receipts therefor, and to enter the sums paid in a cash-book provided for such purpose, and to credit the customer paying the same therewith. It was admitted by the defendant that he had received the $75 from Enhuss, and that no entry of this sum had been made by him in plaintiffs' books, but it was argued on behalf of the defendant that the mere omission to make such entry was not, in itself, sufficient proof that he had not accounted to the plaintiffs for the money received; and that, to authorize a recovery against the defendant, the plaintiffs were bound to establish by other positive and direct evidence the defendant's failure to account to them for moneys received. To establish the defense of another action pending, the defendant offered in evidence the record of the action for conversion of $25, from which record it appeared that the sum alleged to have been converted was no part of the sum sued for in this action, but was part of a payment made by Enhuss upon a former, separate, and distinct occasion. The justice in the district court thereupon rendered a judgment in favor of plaintiffs for $92.50, the amount sued for, with $17.50 costs and disbursements, and from this judgment the defendant has appealed.

On the argument of this appeal, counsel for defendant claimed that the judgment was erroneous and assigned two distinct grounds of error, to-wit: *First*, that, because of the want of direct and positive evidence to the effect that the defendant had omitted to turn over the money received, the plaintiffs' recovery was unauthorized; and, *second*, that the plaintiffs had exhausted their right of recovery against the defendant by the action for the conversion of the $25, because both demands arose out of the defendant's employment, and the pendency of the suit for the conversion of $25 operated as a complete bar to the maintenance of this action. Upon an examination, however, of the questions presented, we are satisfied that neither ground is tenable. The difference between circumstantial and direct evidence is only one of degree, but both classes of evidence are alike applicable to all cases. The admitted receipt of the sum paid by the plaintiffs' customer, in view of the facts that it was the defendant's duty to enter the receipt of these moneys upon the plaintiffs' books in the regular course of his employment; that it was his duty to account to the plaintiffs for the moneys received; and that he omitted to make such entry and such account,—if this is not to be deemed sufficient to cast upon the defendant the burden of proving that, notwithstanding such omissions, the moneys were otherwise actually accounted for, and if, in the absence of such proof, plaintiffs should not be allowed to recover, it would be difficult to conceive of any case wherein recovery could be had upon circumstantial evidence alone. Upon the argument, defendant's counsel urged that the presumption of innocence, when the gist of the action is to convict the defendant of a wrong, applies with equal force in civil actions; and that therefore no presumption can arise that the defendant did not account to the plaintiffs for moneys received, from the mere omission to make the entries on the books of the plaintiffs. The position assumed by defendant's counsel is incorrect. The true rule applicable to all civil actions is that the party having the af-

firmative must prove his case by a preponderance of evidence to sustain a recovery, always giving the defendant the benefit of the presumption of innocence. See *Seybolt* v. *Railroad Co.*, 95 N. Y. 562; *Johnson* v. *Insurance Co.*, 25 Hun, 251; 3 Greenl. Ev. § 29. And in an action to recover a penalty for a violation of the statute forbidding the sale of imitation butter, although the act complained of is made a misdemeanor by the statute, and punishable as such, the plaintiff is not obliged to establish his case beyond a reasonable doubt, but it is sufficient if there be a preponderance of evidence in his favor. *People* v. *Briggs*, 114 N. Y. 56, 20 N. E. Rep. 820. In support of his contention, counsel for appellant cites the case of *Ferry Co.* v. *Moore*, 32 Hun, 29. This case was reversed by the court of appeals. See 102 N. Y. 667. The report of the disposition of this case by the court of appeals, however, in the New York Reports, does not contain the opinion, but in the report of the same case in 6 N. E. Rep. 293, 297, Judge EARL, writing the prevailing opinion, says: "There is no rule of law which requires the plaintiff in a civil action, when the judgment against the defendant may establish his guilt of a crime, to prove his case with the same certainty which is required in criminal prosecutions. Nothing more is required in such cases than a just preponderance of evidence, always giving the defendant the benefit of the presumption of innocence. Where a judgment for the plaintiff involves crime or a moral turpitude on the part of the defendant, the court should always require satisfactory proof; and, when that has been given, judgment should follow, regardless of consequences. In no other way can the law be properly administered, and private rights effectually protected." But assuming for the sake of argument that the contention of defendant's attorney is correct, the presumption of innocence is, at most, a disputable presumption of law, arbitrarily created, but to be overcome by the inferences which reasonable and fair-minded men may draw from the facts, as, for instance, the possession of stolen property recently after the larceny, in such a case it has been held that the possession of the stolen property, if unexplained, is sufficient to overcome the presumption of innocence and to warrant a conviction. *Stover* v. *People*, 56 N. Y. 315. The case at bar was tried before the justice in the court below without a jury, and it was therefore competent for him, on the evidence, to determine both the law and the facts, which he has done adversely to the defendant. It was admittedly the duty of the defendant, in the regular course of his employment, to account to the plaintiffs for moneys received to their use, by entering the moneys so received upon their books, and his omission to make such entries will support an inference that he has not so accounted. The inference may be slender, but it is sufficient to call upon the defendant for proof that, notwithstanding the omission to make the entry, and his breach of duty in that respect, the moneys received by him did actually come into the possession or the custody of the plaintiffs. An attempt was made by the defendant to supply this proof, and to that end testimony was given for the defendant to the effect that the omission to make entry of receipt on the books of the plaintiffs may have been accidental and without design; that notwithstanding such omission defendant may have accounted to the plaintiff for the money received. But it is apparent that this is only a possible explanation of the defendant's delinquency, and does not tend to show that an accidental omission to make the entry in this case is the true solution of the defendant's apparent neglect to account to the plaintiffs for the moneys received by him. The trial justice, in reaching the conclusion which he did, may have been influenced by the manner and appearance of the defendant on the witness stand; and, inasmuch as the evidence will support an inference adverse to the defendant, an appellate court should not, for the sole reason that upon the same state of facts it might have reached a different conclusion, interfere with the findings of the court below. *Baird* v. *Mayor*, 96 N. Y. 567.

The pendency of the action for the conversion of $25 was not a bar to the

maintenance of this action. We recognize the force of the rulings in *Bendernagle* v. *Cocks*, 19 Wend. 207; *Jex* v. *Jacob*, 19 Hun, 105; *Secor* v. *Sturgis*, 16 N. Y. 548; *Perry* v. *Dickerson*, 85 N. Y. 345, and kindred cases; but these rulings have no application in the case at bar. The rule, as stated in the head-note in *Bendernagle* v. *Cocks*, is as follows: "Where a party hath several demands or existing causes of action growing out of the same contract, or resting in matter of account, which may be joined and sued for in the same action, they must be joined; and if the demands or causes of action be split up, and a suit brought for part only, and subsequently a second suit for the residue, the first action may be pleaded in abatement or in bar of" the second action. The error into which the learned counsel for the defendant has fallen seems to be that the plaintiffs' right of action for the moneys received by the defendant rested in the contract of employment of the defendant, as the plaintiffs' book-keeper and cashier. The right of action, however, respecting such moneys was complete, without proof of such employment. Leaving that element entirely out of the case, it would have been sufficient, to authorize a recovery by the plaintiffs, to show that the defendant had received the sums unaccounted for, for the purpose of paying the same to the plaintiffs, and for the conversion of these moneys the defendant was answerable in damages. See *Gordon* v. *Hostetter*, 37 N. Y. 99. The right of action, however, where the property or money alleged to have been converted came lawfully into the possession of the person sought to be charged, as in the case at bar, was not complete without a previous demand, (1 Add. Torts, p. 398; *Storm* v. *Livingston*, 6 Johns. 44;) and, without proof of such demand, and of a refusal to deliver, a conversion is not proven. And where the person from whom a recovery is sought for an alleged conversion is charged with the receipt of several items of money, or personal property, on separate and distinct occasions, proof of the demand of one of such items only will not sustain a recovery for the items respecting which no demand has been shown. The right of action in such cases accrues only from the time of the demand, and hence it must follow that the right to recover for the several items constitutes separate and distinct causes of action. This is elementary, but if an authority is needed to support this view, it may be found in the case of *Secor* v. *Sturgis*, 16 N. Y. 548, relied upon by defendant's counsel, wherein Judge Strong says: "In the case of torts, each trespass or conversion or fraud gives a right of action, and but a single one, however numerous the items of wrong or damage may be. The action for money had and received proceeds upon the theory of a promise express or implied that the person receiving the money will pay the same to the person seeking to recover." See *Eddy* v. *Smith*, 13 Wend. 489; *Garr* v. *Martin*, 20 N. Y. 306. And thus the several payments made by one person to another, on separate and distinct occasions, to be paid to a third person, constitute as many separate and distinct promises to pay as there are payments, and each promise must necessarily confer, upon the person entitled to the moneys received, a separate and distinct cause of action. It was no more essential to the plaintiffs' right of recovery, in an action for money had and received, than it would have been in an action for conversion, to prove the defendant's employment as book-keeper and cashier of the plaintiffs. If he had been a complete stranger to the plaintiffs, the fact that he had received a sum of money from another to be paid by him to the plaintiffs in law created a promise so to pay, and was sufficient to entitle the plaintiffs to judgment; and, having separate causes of action existing at one and the same time, they were not required to combine them in one action. *Perry* v. *Dickerson* 85 N. Y. 350. And though the plaintiffs had knowledge of the existence of these several demands at the time of bringing an action upon one of them, a recovery in that action will not defeat a recovery in actions subsequently commenced upon the remaining demands. *Byrnes* v. *Byrnes*, 102 N. Y. 4, 5 N. E. Rep. 776.

The foregoing views do not trespass upon any legal principle and appear to be in consonance with justice. A different conclusion would enable a dishonest employe to reap advantage from the temporary successful concealment of continued defalcations, by suffering a recovery against him for the items of his defalcations which may be known to the employer at the time of bringing his action, and which may constitute but a small fraction of the entire sum misappropriated. The judgment appealed from should be affirmed with costs. All concur.