## ELLIOTT v. MILLER.

(*Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. ACTION TO RECOVER WAGES—DAMAGES FOR DISCHARGE.

In an action by an employe to recover wages, the court cannot render judgment for damages for wrongful discharge.

2. SAME—MONTHLY WAGES—RECOVERY FOR PART OF MONTH.

Where an employe, whose wages are payable at the end of each month, is discharged wrongfully in the middle of a month, he cannot recover, in an action for wages, compensation for the services rendered during the first half of that month, but for that purpose must resort to an action for damages.

Appeal from first district court.

Action by Frederick W. Elliott against John E. Miller. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Charles Coleman Miller,* for appellant. *Frederick L. Gilbert,* for respondent.

BOOKSTAVER, J. This action was brought to recover two and a half months' wages, at $50 a month, alleged to be due from defendant to plaintiff on a contract of service. The answer was a general denial, and judgment was rendered for the plaintiff for $142.50, being the full amount claimed, together with costs. The plaintiff entered into the employment of the defendant about the 15th of July, 1891, under a verbal contract by which he was to work for defendant as salesman for five months, at a salary of $50 per month, payable at the end of each month, and in addition a commission of 10 per cent. on all sales in excess of $5,000. He was also to receive $35 per week for traveling expenses while he was actually traveling in defendant's service. He started on a salesman's trip on July 16th, and returned to New York on August 29, 1891. During this time, trade being very dull, and for the express purpose of saving traveling expenses, he stopped at Indianapolis, and remained there 12 days without traveling at all. This was done with the approbation of the defendant, and it was mutually understood that it should be done to save expense. He then returned to New York on his own suggestion, as he claimed the trade was all here at that time. Shortly after his return, and on or about the 1st day of September, he reported to the defendant, and demanded $75 as salary for the six weeks he had been in defendant's employ. This the latter refused to pay, on the ground that the plaintiff had received $50 in excess of his traveling expenses, which exceeded his first month's salary, and that as the agreement was to pay monthly at the end of the month, and the second month had not expired, nothing was then due. There is a conflict of testimony as to whether the plaintiff refused to work any longer for the defendant because he was not paid, or whether he was discharged by the defendant; but that is immaterial in this case. It is conceded that he did not work for the defendant after that time. This action was brought to recover wages, and the bill of particulars specifies two and a half months' wages, and it is for this amount that the justice rendered judgment. In this we think he was in error. It is well settled by authority that, in an action for wages, damages for a wrongful discharge from employment cannot be recovered. Wages are what the employe earns while actually working for his employer. If an employe is

wrongfully discharged, he can recover wages actually due up to the time of the discharge, but not thereafter, for then he ceases to work. A suit for wages is an action on the contract. If he desires compensation for loss of work by reason of his wrongful discharge, he must bring an action for damages for the breach of the contract, and such an action is not on the contract, but for breach of it. *Howard* v. *Daly*, 61 N. Y. 362; *Weed* v. *Burt*, 78 N. Y. 191; *Perry* v. *Dickerson*, 85 N. Y. 345. In the last case it was said: "That a claim for wages earned and due before the dismissal, and for damages for a wrongful dismissal, constituted two separate and independent causes of action, is clear upon reason and authority. The right to recover the wages was complete and perfect before the right to damages accrued. Upon the wrongful dismissal a new cause of action arose, wholly disconnected in its origin and nature with the claim for wages. A suit by a servant for wages due is consistent with the continuance of the contract of employment and of actual service thereunder. A suit for wrongful dismissal proceeds upon the ground of an entire repudiation of the contract by the master. A suit for wages is brought to recover for services rendered; the action for wrongful dismissal, to recover compensation for loss of the situation, and for not being allowed to serve and earn wages under the contract. The wages could not have been proved or recovered under the pleadings in the justice's action, [which was for damages for wrongful discharge,] nor the damages for wrongful dismissal in this, [which was for wages only.]" To the same effect, *Levin* v. *Fashion Co.*, (City Ct. N. Y.) 4 N. Y. Supp. 867. As before stated, this action was for wages, yet, by his own testimony, plaintiff did no work for the days after September 1st. A judgment for more than the six weeks before that time was therefore impossible, under the pleadings and proofs, and the allowance in the judgment of $50 for the month of September was error.

We also think it was error to have allowed the $25 for wages for the last two weeks in August. Plaintiff's own testimony shows that his wages were payable monthly, at the end of the month. Under the agreement, therefore, the two weeks' wages were not due when he was discharged or left defendant's employment. In *Perry* v. *Dickerson, supra*, it was said, in an action for wrongful dismissal occurring in the middle of a quarter or period before wages are due and payable under a contract of employment, compensation for services for a broken quarter or period may be recovered as part of the damages; for by the wrongful dismissal the plaintiff was prevented from earning wages for the broken quarter under the contract, and compensation for the services actually rendered is justly allowed as part of the damages; and in *Levin* v. *Fashion Co., supra*, where a recovery by a discharged employe of the wages alleged to be actually due her was held to be no bar to an action for damages for such discharge before the expiration of the term of employment. Though the evidence in both actions was substantially the same, it was said that the first action was for wages only. "Subsequently this action was commenced for wrongful discharge, and the defendant insists that because the plaintiff was discharged December 9, 1887, and recovered judgment up to and including the following day, the recovery in the third district court is a bar to this action. We think not. The plaintiff probably ought to have been defeated in her third district court case on the ground that one week's wages had not been earned, because she had been discharged on Friday, and the wages did not become due and payable until the close of the following day, so that an action for wages, technically so called, was not maintainable." In both of the cases last cited, actions in justices' courts were involved, and yet it was not even hinted that the pleadings should be so loosely construed as to waive the distinction between actions for wages and one for wrongful discharge. Indeed, we do not see how this could be done, for the one action proceeds on the theory of a continuing contract, and the other upon the breach of it, and the two are inconsistent.

The claim that plaintiff had been paid $50 for his first month's salary, by an overpayment for traveling expenses, was denied by the plaintiff. The evidence upon that subject is contradictory, and we think there is enough to sustain the justice's finding in that respect. But, for the errors pointed out, we think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff within five days elects to reduce the judgment to $50, and the costs allowable upon such a recovery in the court below; and, if he so elects, then that the judgment so modified should be affirmed, without costs to either party as against the other.