SMITH *v.* MOONELIS *et al.*, (six cases.)

*(Common Pleas of New York City and County, General Term.* March 7, 1892.)

JUDGMENT—RES ADJUDICATA—CONTRACT OF HIRING—INSTALLMENTS.

A contract to pay plaintiff $10 a week until returns are had from his inventions, no services being rendered by plaintiff to defendants, is not a contract for hiring; so that a judgment for plaintiff, in an action to recover the first installment of $10 under such contract, cannot operate as a bar to actions for further defaults on the part of defendants.

Appeal from seventh district court.

Actions by James Edward Smith against Adolph Moonelis and others. Six cases. From a judgment for defendants in each case plaintiff appeals. Reversed. For former report, see 8 N. Y. Supp. 955, *mem.*

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Johnston & Johnston,* for appellant. *Wise & Lichtenstein,* for respondents.

BOOKSTAVER, J. Before these actions were tried an earlier action had been brought in the same court, and tried by the justice, with a jury, who found in favor of the plaintiff. On this verdict a judgment was entered, from which an appeal was taken to this court, which was affirmed, (8 N. Y. Supp. 955,) because, as we thought, the law and the questions of fact had been fairly presented to the jury, and their verdict was sustained by the evidence. The facts in that action were the same as in these, and the same testimony was used on the trial of these actions. The justice, however, rendered judgment in favor of defendants in each action, on the ground that the contract was one for hiring or employment, and was indivisible, and that it had been entirely broken when the first action was brought, and consequently that the former judgment was a bar to the subsequent actions. This raises the sole question to be determined upon these appeals. The judgment in the first action conclusively established the making of a verbal contract by the defendants to pay the plaintiff the sum of $10 a week until returns were had from his inventions, and the defendants are estopped by it from denying the contract or its terms. *Ibbotson* v. *Sherman,* 42 N. Y. Super. Ct. 477; *Humphreys* v. *Railroad Co.*, (Sup.) 10 N. Y. Supp. 461. It also conclusively established the fact that this verbal contract was not embraced in and did not form a part of the written contract made about the same time, and was not superseded by the subsequent contract or agreement between the parties, and that the discharge of the plaintiff from the employment of the defendants before the commencement of the first action did not relieve the latter from the obligations of the verbal contract; for all these questions were litigated in that

action, and decided in plaintiff's favor. It also conclusively established the validity of that contract.

Now, what was that contract? Respondents contend it was a contract for hiring, but the evidence, we think, does not sustain this contention. No services were rendered during the week for which the installment sued on in the first action was due, nor were any rendered in the subsequent weeks for which these actions are brought. The first, and we think the subsequent, actions, were brought to recover installments as they fell due upon a contract agreeing to pay such installments for plaintiff's sustenance during a certain time. Consequently they are not actions for wages. Nor yet is the contract like the one in *Schell* v. *Plumb*, 55 N. Y. 592, which was an agreement by one party to support another during life, without providing for specific payments at specific periods. Of course, in that case the contract was indivisible, and, upon breach, the whole damages could be recovered, and a recovery of a part would be a bar to a further recovery. On the trial of these actions it was conceded that if the contract existed, and if it was broken, the actions were brought to recover the sums which, under the contract, had it not been broken, would have been payable before the commencement of the several actions, and would have been for moneys accruing from time to time before the commencement of the several actions. And, as before shown, it is conclusively established that the contract existed, and that it was valid, and it was proved to have been broken. It therefore follows the judgments should have been for the plaintiff. In *Lorillard* v. *Clyde*, (N. Y. App.) 25 N. E. Rep. 292, it was said by the court of appeals: "It is doubtless true that such default in payment of money falling due upon a contract payable in installments may be the subject of a separate, independent suit, provided it is brought before the next installment becomes due; but each action should include any installment due when it is commenced, unless a suit is pending for the recovery thereof." We do not see how the cases under consideration differ in principle from the ordinary actions on successive installments of rent, brought as they fall due. To make a former action a bar, the circumstances must be such that the plaintiff might have recovered in the first action for the cause of action alleged in the second. *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Miller* v. *Manice*, 6 Hill, 114; *Shook* v. *Lyon*, (Com. Pl. N. Y.) 11 N. Y. Supp. 720. The difference between an action for wages and one for the breach of the contract for employment is pointed out in *Elliott* v. *Miller*, 17 N. Y. Supp. 526, general term of this court. The fact that the plaintiff has brought two other actions in this court for a wholly different purpose, to-wit, to cancel certain written agreements, is not properly before us; and, even if it were, we would not, on these appeals, consider the pleadings only in such actions. The several judgments should therefore be reversed, and new trials ordered, with the costs of these appeals to appellant.