(42 Misc. Rep. 287.)

PAKAS v. HOLLINGSHEAD et al.

(Supreme Court, Trial Term, New York County. December, 1903.)

1. SPLITTING CAUSE OF ACTION—BREACH OF CONTRACT.
     Plaintiff purchased of defendants bicycle pedals to a certain amount for a fixed price, to be delivered in installments within a certain time. On failure to make deliveries, plaintiff brought an action to recover for the refusal to deliver the amount due at the time of the beginning of the suit, and recovered damages therefor. *Held* that, the contract being a single contract, the vendee's recovery of damages for nondelivery of certain installments under the contract past due when he sued barred him from thereafter recovering on the same contract for the remaining installments when past due.

Action by Solomon L. Pakas against William P. Hollingshead and others. Motion to dismiss complaint. Granted.

See 66 N. Y. Supp. 1138.

House, Grossman & Vorhaus, for plaintiff.
Spiegelberg & Wise, for defendants.

GREENBAUM, J. The defendants, by written contract dated August 30, 1898, sold to the plaintiff 50,000 pairs of Hercules bicycle pedals at certain stipulated prices; deliveries to begin immediately; 500 pairs weekly until December 1st; after that, 1,000 pairs weekly until expiration of contract. Terms of payment, "Sight draft with the document attached." The pleadings and proofs show that the de-

fendants only delivered 2,608 pairs of pedals under the contract; that they refused to make any further deliveries; that thereafter, and on or about March 15, 1899, the plaintiff brought an action against the defendants in the City Court of the city of New York to recover damages for the breach of the contract, by reason of defendants' refusal to deliver 19,500 pairs of pedals, the quantity to which the plaintiff was then entitled; and that plaintiff thereafter recovered a judgment in said action for the full amount of damages claimed. The present action was brought in February, 1900, subsequent to the time fixed for the delivery of all of the 50,000 pairs of pedals, and damages are sought to be here recovered for the failure on defendants' part to deliver the quantity of pedals to which the plaintiff would have been entitled after March 1, 1899. The defendants rely upon the judgment in the City Court as a bar to any further recovery. The learned counsel for the plaintiff in his brief describes the action in the City Court as one brought for damages for the breach of the contract here involved, and the complaint, after alleging a breach of the contract on defendants' part in refusing to deliver the 50,000 pairs of pedals, alleges that "thereafter, and on or about the 15th day of March, 1899, the plaintiff commenced an action against the defendants in the City Court of the city of New York to recover damages for the breach of the contract for the failure on the part of the defendants to deliver to the plaintiff" the number of pedals which the defendants were then obligated to deliver. Although some evidence was adduced as to a further demand by the plaintiff upon the defendants after March, 1899, for deliveries of the pedals under the contract, it is apparent that not only was such demand unnecessary under the pre-existing facts as established upon the former trial, but that the plaintiff evidently so considered the law, because the complaint is silent as to any such demand. It is therefore obvious that not only is this action brought upon the same contract as that involved in the City Court action, but for the identical breach thereof. It is stated by plaintiff's counsel that no adjudication can be found in this state touching the question of a vendee's right to maintain successive actions for a breach of a contract where the deliveries were to be made in installments, but that authority for such procedure will be found in two decisions of sister states. But without attempting to discuss or distinguish either of these cases, it seems to me that there is no difficulty in disposing of the question presented under the well-settled principles established by the decisions in this state. The right of a party to a contract, upon such a breach thereof by the other as amounts to a repudiation, to elect to treat the contract as still in force and pursue his remedies thereunder, or to consider it at an end and sue for damages upon the breach, is well recognized. Howard v. Daly, 61 N. Y. 362, 374–377, 19 Am. Rep. 285; Nichols v. Scranton Steel Co., 137 N. Y. 471, 33 N. E. 561. Thus, upon the failure of a purchaser to perform a contract for the sale of personal property, the vendor, as a general rule, has the election of remedies, as illustrated in Dustan v. McAndrew, 44 N. Y. 72. In the case of the failure of the vendor to deliver under such a contract of sale, the purchaser being ready to perform, there is obviously nothing else for the latter to

do, if he is damnified by the act of the vendor, than to treat the contract ·as repudiated, and to sue for damages for the breach of the entire contract. In other words, the effect of a breach of the contract by a vendor is the same as that of a breach by a vendee; the only difference being in the remedies available to the respective parties. In the case of a vendee's breach, the vendor is in a practical situation to permit him, if he choose, to treat the contract as in effect, and enforce the vendee's liability thereunder, while in the case of a vendor there seems no other remedy open than to treat the contract as repudiated, and sue for damages for the breach. Elliott v. Miller (Com. Pl.) 17 N. Y. Supp. 526. It therefore follows that the prior action brought by the plaintiff in the City Court must of necessity have been brought as one for damages for breach of the contract. Plaintiff had the unquestioned right, when he brought his action in the City Court, to recover damages for a breach of the entire contract, notwithstanding that the time for delivering all of the 50,000 pairs of pedals had not then arrived. Nichols v. Scranton Steel Co., 137 N. Y. 488, 33 N. E. 561. It is well settled that "all damages accruing from a single wrong, though at different times, make but one cause of action, and all debts or demands already due by the same contract make one entire cause of action." Secor v. Sturgis, 16 N. Y. 557. There is no doubt that successive recoveries under such a contract of sale as here existed would be permissible, where independent causes of action are created by performance, as in the case of the vendor seeking to recover for deliveries made under the contract in suit, but the authorities are easily reconciled that there can be but one recovery where the damages arise out of a single wrong. Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663; Seed v. Johnston, 63 App. Div. 340, 71 N. Y. Supp. 579; McCleary v. Malcom Brewing Co., 56 N. Y. 531; 67 N. Y. Supp. 258. The action of the plaintiff in omitting. to avail himself of the right to demand all the damages to which he would have been entitled under the contract, upon a breach by the defendants, gives him no right to bring successive actions for various items of damages. Samuel v. Fidelity & Casualty Co., 76 Hun, 308, 27 N. Y. Supp. 741, affirmed on opinion below in 150 N. Y. 583, 44 N. E. 1128. The motion to dismiss the complaint must be granted.

Motion granted.