ROWLAND W. SPAIN, Respondent, *v.* THE MANHATTAN SHIRT COMPANY, Appellant.

First Department, April 5, 1917.

Pleading — complaint — action to recover for services actually rendered — master's right to discharge not involved — complaint stating cause of action for reasonable value of services rendered.

Where an employee after his discharge sues his employer, not for a breach of the contract of employment, but to recover for services actually rendered, the employer's right to discharge is not involved, and the employee is entitled to recover at the agreed rate of compensation if the same was fixed, and if not, then for the value of the services rendered.

Where the employer, by demurring to the employee's complaint, admits the plaintiff's allegations to the effect that he was to be paid for his services at the rate of fifty dollars per week only in case he was discharged because his services were not satisfactory, but that said sum was not in full payment of the plaintiff's services if the employment were not continued for any other cause, and the plaintiff further alleges that his services were of a satisfactory and high class character, and that the ground of his discharge was not that his services were unsatis-

factory, the defendant's motion for judgment on the pleadings should be denied, for under such complaint the plaintiff is entitled to recover the reasonable value of his services up to the time of his discharge.

CLARKE, P. J., dissented.

APPEAL by the defendant, Manhattan Shirt Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of October, 1916, denying defendant's motion for judgment on the pleadings consisting of a second amended complaint and answer thereto.

*Feiner & Maass,* for the appellant.

*Percival E. Jackson* [*John M. Gardner* of counsel], for the respondent.

SHEARN, J.:

I agree that this action is not brought for a breach of the contract to continue the plaintiff's employment. No such claim is made by the respondent. The action is brought to recover for services performed up to the date of discharge, and it is undoubted that one who has performed services under a contract of employment is entitled to recover for services rendered at the agreed rate of compensation if a salary is provided for, or for the actual value of the services if there is no agreed rate of compensation. The employer's right to discharge is not involved in this case. The only question is whether, under the peculiar terms of this contract, fifty dollars per week was the agreed salary, in case of discharge *for some other reason than dissatisfaction with plaintiff's services.* Plaintiff contends that it was not the agreed salary in such event, but that on the contrary it was distinctly agreed that that would be the rate of compensation only in case (1) the plaintiff's services did not prove satisfactory *and* (2) the defendant should not continue to employ the plaintiff. The allegation with respect to the agreement governing the rate of compensation during the probationary period was that " the defendant should pay the plaintiff the sum of fifty ($50) dollars per week, which sum was agreed by and between the parties, should not be the full value of plaintiff's services, but that he

would accept the same in full payment thereof only in case the plaintiff's services did not prove satisfactory and the defendant should not continue to employ the plaintiff as hereinafter stated." This plainly means that in the events stated plaintiff should not be compelled to treat the weekly payments as full payment for his services but would be entitled to the reasonable value of his services. The parties did not agree that the weekly payments should be full payment if defendant should not continue to employ the plaintiff, but only in that event *and in the additional event* that plaintiff's services did not prove to be satisfactory.

This was the situation in a nutshell: Plaintiff, confident of his ability to render satisfactory service, was willing to accept a small salary during the probationary period for the sake of obtaining the three-year contract at $5,000, which to him appeared to be a practical certainty if defendant lived up to its agreement; if his services failed to prove satisfactory, he was willing to accept the $50 a week in full payment for the entire probationary period; but if, notwithstanding the fact that his services were of a satisfactory character, the defendant refused to make the three-year contract *for some other* reason, he was entitled to the reasonable value of the services rendered during the probationary period. This was entirely fair to both parties and was precisely what was expressed in the contract.

The complaint alleges that plaintiff's services "were of a satisfactory and high class character" and that the ground of his discharge was *not* that his services did not prove satisfactory.

The employer's *right* to discharge is not involved in this case. The point is whether in fact plaintiff was discharged because his services were unsatisfactory, for if, in spite of plaintiff's ability and defendant's satisfaction with the character of his work, he was discharged because business conditions were bad or for some other reason, the contract carefully provided that plaintiff should not be held down to a salary of fifty dollars a week during the probationary period.

Therefore, assuming as we must upon this motion, as on demurrer, that the plaintiff's services were satisfactory, and that he was not discharged because of any dissatisfaction with

his services on the part of the defendant, we are bound to give the plaintiff the benefit of defendant's positive agreement that in such case the weekly payment should not constitute the measure of the value of plaintiff's services.   It follows that plaintiff is entitled to recover the reasonable value of the services performed up to the time of his discharge and that the order appealed from should be affirmed, with ten dollars costs and disbursements.

LAUGHLIN and SCOTT, JJ., concurred; SMITH, J., concurred in result; CLARKE, P. J., dissented.

Order affirmed, with ten dollars costs and disbursements.