ROWLAND W. SPAIN, Respondent, *v.* THE MANHATTAN SHIRT COMPANY, Appellant.

First Department, July 11, 1918.

**Contract — agreement employing plaintiff to build up defendant's business — pleading — evidence — variance between contract alleged and agreement shown by testimony of plaintiff.**

Where a plaintiff in substance alleged that he agreed to develop a department of the defendant's business for a salary of $50 a week, and that it was agreed that said amount should not be in full payment for his services if they proved satisfactory, and that if he demonstrated his ability to place the business upon a paying basis he was to receive a salary of not less than $5,000 a year for three years, and that the defendant discharged him although his services were satisfactory, and he claims damages, not because of the wrongful discharge but for the reasonable value of his services over and above the salary received for the period during which he worked, there can be no recovery upon testimony which

merely shows that he agreed to accept $50 a week providing he " made good " and that the defendants entered into a permanent contract with him at $5,000 a year, for the contract testified to by the plaintiff is at variance with that alleged in his complaint.

Appeal by the defendant, The Manhattan Shirt Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of December, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 9th day of January, 1918, denying defendant's motion for a new trial made upon the minutes.

*Herbert H. Maass* of counsel [*Ira Skutch* with him on the brief; *Feiner & Maass,* attorneys], for the appellant.

*N. Howard Pinto* of counsel [*John M. Gardner* with him on the brief; *Percival E. Jackson,* attorney], for the respondent.

Merrell, J.:

The plaintiff has recovered of the defendant a verdict for $3,250, claimed to be due him for balance for services rendered to the defendant corporation. The defendant, for a number of years, had been engaged in the manufacture of shirts and underwear in the city of New York. The plaintiff; prior to his connection with the defendant, was an underwear salesman for another concern. The issues in the action are framed on a second amended complaint and the answer thereto interposed by the defendant corporation. This second amended complaint has already been before this court upon demurrer interposed thereto, which demurrer was overruled and the complaint held to state a cause of action against the defendant. (*Spain* v. *Manhattan Shirt Co.,* 177 App. Div. 610.)

The cause of action alleged by the plaintiff is a very peculiar one. Plaintiff alleges that on the 29th day of May, 1915, he entered into an agreement with the defendant to enter its employ as an underwear specialist and manager of its underwear department, and that pending a demonstration of plaintiff's ability to make a success of defendant's underwear business, which at that time does not seem to have been a paying venture, plaintiff alleges that he was to receive

from defendant the sum of $50 per week, which he alleges was agreed between himself and the defendant should not be in full payment for his services, but that he agreed to accept the same in full payment thereof only in case his services did not prove satisfactory, and that he should not continue in the employ of the defendant after the expiration of such period during which he was to demonstrate his ability to place the business upon a paying basis. The plaintiff further alleges that the defendant, well knowing that the services to be rendered by him were in value far in excess of said sum of $50 per week and to induce him to accept said inconsequent sum, agreed with plaintiff that if he should render services in a manner calculated to increase the volume of its underwear business, or in case his services were of a satisfactory or high-class character, the defendant would continue to employ him for a substantial term of not less than three years, and at a substantial salary of not less than $5,000 a year. Plaintiff further alleges that under such arrangement he entered defendant's employ on or about June 1, 1915, and that he continued therein to and including the sixteenth day of October of the same year, and that during said period he rendered conscientious and efficient service for the defendant and increased the volume of its business and rendered services in every way of a satisfactory and high-class character, but that contrary to agreement, on October 16, 1915, he was arbitrarily and wrongfully discharged, and that the defendant failed and refused to employ him as it had agreed; that ever since the plaintiff has at all times been ready and willing and has offered to enter into a contract in accordance with the alleged agreement, but that the defendant has utterly failed, neglected and refused to make such contract with the plaintiff. Plaintiff does not claim damages by reason of wrongful discharge, or by reason of the failure of the defendant to enter into the promised contract, but bases his right of recovery entirely upon the value of his services over and above the sum of $1,000 which he received under the contract by which he was to be paid $50 per week, alleging his total service during said period of a little less than five months to be worth $5,000, and demands judgment for the sum of $4,000, balance remaining unpaid.

First Department, July, 1918. [Vol. 184.

The answer consists of general denials, with the exception that the defendant admits the employment of plaintiff in its underwear department at the sum of fifty dollars per week, and that such employment continued up to and including October 16, 1915.

This court has held that the complaint states facts sufficient to constitute a cause of action against the defendant.

Upon the trial the plaintiff testified to a conversation between himself and Messrs. Levi and Tim, defendant's representatives, which he claims constituted the contract in question; that he told these gentlemen representing the defendant that he felt confident that he could put defendant's underwear business on a volume basis, and that he confidently believed that he could put it on a half million dollar basis inside of three years, and that to prove to them that he could do so he would be willing to take it on a probationary period of ninety days, and if at the end of said period he was unsuccessful, he would step down and out. Plaintiff · further testified that he stated to defendant's representatives that if he did make good he would expect a contract of not less than $5,000 a year, and that that was the whole proposition. He further stated that as to his compensation during the probationary period, he would expect nothing beyond his expenses, but that defendant's representatives replied that they would give him $50 a week, and that he acquiesced therein, and stated that he would accept whatever they agreed to; that all he wanted was to show them what he could do. Plaintiff testified that that was the entire conversation. His counsel endeavored repeatedly to have plaintiff amplify his testimony, but he insisted that the conversation was in a nutshell as he had stated, and that he had given the entire conversation. On the following day he was recalled to the witness stand and testified in response to his counsel's inquiry, that he wished to make a correction in reference to his testimony of the previous day in regard to the acceptance of the $50 a week, and then testified that he agreed to accept the $50 a week, providing he made good, and that they entered into the contract for $5,000 a year, and that he only agreed to accept the $50 per week in full for his services provided he

made good, and that they enter into a permanent contract with him at $5,000 per year, and that he would only accept said sum with that proviso. This is the only testimony given by the plaintiff in support of any contract upon which a recovery is asked of the defendant. The contract as thus sworn to by plaintiff was quite at variance with that alleged in his complaint. Under the complaint the contract whereby he claimed defendant was to pay him a sum in excess of $50 per week was based upon a rendition of satisfactory service on his part and defendant's failure to keep him in its employ and to furnish the permanent contract, but his proof fails utterly to show any agreement on the part of the defendant to pay any sum in excess of $50 a week in any event during the probationary period during which plaintiff was to demonstrate his ability. It will be borne in mind that plaintiff was seeking employment with the defendant; that he was confident of his ability to demonstrate the fact that he could put its business on a paying basis, and that he was willing during the demonstration of such ability to work for nothing, and it is impossible to imply any agreement on the part of the defendant, in view of plaintiff's willingness to work for nothing, to pay him more than the $50 a week which they volunteered during said probationary period. I do not think his testimony shows any understanding or agreement whatever on the part of the defendant to pay him a greater sum than $50 a week during said probationary period.

It is unnecessary to go into the question as to whether or not plaintiff was able to demonstrate his ability to increase defendant's business to the desired volume, thereby entitling him to the permanent contract, or the question as to whether or not defendant acted arbitrarily in discharging him and in failing to enter into the contract which he sought. This action is not to recover damages for failure to enter into the contract nor by reason of plaintiff's discharge without proper cause. It is purely and simply an effort to collect a balance which the plaintiff claims his due under some contract on defendant's part which he claims entitles him to the full value of his services during the period when he was demonstrating his ability to place defendant's business on a profitable

basis. I think the record is entirely barren of any evidence establishing obligation to pay plaintiff any sum beyond what he has already received for his services.

The judgment and order appealed from should be reversed, with costs, and plaintiff's complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.