LORETTA E. HOWE, Respondent, *v.* T. M. U. J. M. FOX, INC., Appellant.

Supreme Court, Appellate Term, First Department, February 27, 1925.

Master and servant — action for wages — recovery cannot be had for wrongful discharge — complaint cannot be amended on trial to change cause of action — instructions — contract provided plaintiff's services would be satisfactory to defendant — error to refuse to instruct jury that if defendant was not satisfied with plaintiff's work and that she was sincere in discharging plaintiff, verdict must be for defendant.

In an action for wages, recovery cannot be had for damages for wrongful discharge predicated upon the amendment of plaintiff's complaint on trial, since the amendment was not timely and changed the cause of action entirely to defendant's prejudice.

Moreover, where the contract was to the effect that plaintiff was to perform services satisfactory to the defendant and the defendant's business involved matters of taste, it was reversible error for the trial court to refuse to charge that if the defendant " was not satisfied with the plaintiff's work and that she was sincere in discharging the plaintiff, their verdict must be for the defendant."

APPEAL by the defendant from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of plaintiff, after trial by the court with a jury.

*Kamen & Ostertag* [*Sol S. Ostertag* of counsel], for the appellant.

*James A. Palmer*, for the respondent.

PER CURIAM:

This judgment must be reversed for the following reasons:

*First.* The action was for wages. The recovery was for damages for wrongful discharge. The statement of the court " Breach of

contract would be about the same thing " was prejudicial before the jury. The subsequent amendment came too late and entirely changed the cause of action. (*Reed* v. *Newman,* 31 Misc. 792; *Elliott* v. *Miller,* 17 N. Y. Supp. 526; *McNeil* v. *Cobb,* 186 App. Div. 177; *Ginsburg* v. *Von Seggern,* 59 id. 595.)

*Second.* The contract was to perform services satisfactory to the defendant. The defendant's business was the production and sale of high grade dresses and millinery. This involved matters of taste. The court charged the jury that they should find for the defendant " if the plaintiff's work was of a grossly unsatisfactory character," and refused to charge that if the defendant " was not satisfied with the plaintiff's work and that she was sincere in discharging the plaintiff, their verdict must be for the defendant." He accentuated this refusal by charging over exception: " They must find that her work was of such a character as would satisfy a reasonable person." This was error. (*Haehnel·* v. *Trostler,* 54 Misc. 262; *Clausen* v. *Vonnoh,* 55 id. 220; *Spain* v. *Manhattan Shirt Co.,* 177 App. Div. 610; *Delano* v. *Columbia M. Works & M. Iron Co.,* 179 id. 153.)

Judgment reversed and new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, GUY, MCCOOK and PROSKAUER, JJ.