HIRAM D. PERRY, Respondent, *v.* EDMUND A. DICKERSON et al., Appellants.

To sustain a plea of a former judgment in bar it must appear that the cause of action in both suits is the same, or that some fact essential to the maintenance of the second suit was in issue in the first action and was decided adversely to plaintiff.

The bare fact that two causes of action spring out of the same contract does not *ipso facto* render a judgment on one a bar to a suit on the other.

Plaintiff brought an action to recover damages for an alleged wrongful dismissal from defendants' employment before the expiration of the stipulated term. *Held,* that the judgment therein was not a bar to a subsequent action to recover wages earned during the time plaintiff was actually employed, and due and payable before the wrongful dismissal; that the two claims constituted separate and independent causes of action upon which separate actions were maintainable.

*Guernsey* v. *Carver* (8 Wend. 492), *Stevens* v. *Lockwood* (13 id. 646), *Bendernagle* v. *Cocks* (19 id. 207), distinguished.

*Colvin* v. *Corwin* (15 Wend. 557), questioned.

(Submitted April 28, 1881 ; decided May 31, 1881.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, in favor of plaintiff, entered upon an order made March 30, 1880, reversing an order of Special Term, which granted a motion for a new trial.

This action was brought to recover wages and commissions alleged to have been earned under a contract of employment. Defendants pleaded a former suit in bar.

It appeared that in June, 1878, plaintiff entered into defendants' employment under a contract for one year at a weekly salary of $12, and a commission upon articles manufactured. He was discharged in February, 1879, and thereafter brought an action in Justices' Court to recover damages, alleging that such discharge was without cause and wrongful. Judgment was rendered therein in his favor. At the close of the evidence herein defendants' counsel moved for a dismissal of the complaint upon the ground that the former judgment was a bar; the motion was denied and a verdict was rendered for the plaintiff.

*Brewster Kissam* for appellants. A plaintiff may unite in the same complaint several causes of action, where they all arise out of the same transaction or transactions connected with the same subject of action. (Old Code, § 167; New Code, § 484.) The former action, brought by the plaintiff to recover damages against the defendants, is a bar to this action. (2 Smith's Lead. Cases, 27, notes to *Cutler* v. *Powell; Fish* v. *Folley*, 6 Hill, 54; *Bendernagle* v. *Cocks*, 19 Wend. 207; *Colburn* v. *Woodworth*, 31 Barb. 381; *Hochster* v. *De La Tour; Guernsey* v. *Carver*, 8 Wend. 492; *Goodman* v. *Pocock*, 15 Ad. & El. [N. S.] 576; *Classman* v. *Lacaste*, 28 Eng. L. & Eq. 141; *Secor* v. *Sturgis*, 16 N. Y. 548; *McIntosh* v. *Lown*, 49 Barb. 550; *Moody* v. *Leverick*, 4 Daly, 408, 409, 410; Wood on Master and Servant, 247, 248; Smith on Master and Servant, 96 [91st. Am. ed.]; *Thompson* v. *Wood*, 1 Hilt. 96.) If the plaintiff in the first action in the Justice's Court could have recovered the amount sought to be recovered herein he is barred from maintaining this action. (*Farrington* v. *Payn*, 15

Johns. 432 ; *Embury* v. *Conner*, 3 N. Y. 522; *Secor* v. *Sturgis*, 16 id. 554; *Draper* v. *Stouvenel*, 38 id. 223; *Dunham* v. *Bower*, 77 id. 79 ; *Doty* v. *Brown*, 4 Com. 71; *Barth* v. *Burt*, 43 Barb. 628; 17 Abb. Pr. 349.)

*Jesse Johnson and Charles A. Richardson* for respondent. The former action brought by plaintiff was not a bar to this one. (*Thompson* v. *Wood*, 1 Hilt. 96 ; *Howard* v. *Daly*, 61 N. Y. 369.) A former adjudication does not affect what might have been put in issue, but only what was actually put in issue by the pleadings. (*Burdick* v. *Post*, 12 Barb. 168, 184; Wells on Res Adjudicata, 202, 222 ; *R. R.* v. *Watson*, 26 Ind. 52; 19 Alb. L. J. 516; *Smith* v. *Smith*, 79 N. Y. 634; *Brown* v. *Gallaudet*, 80 id. 413.)

ANDREWS, J.   To sustain the plea of a former judgment in bar of a second action, it must appear that the cause of action in both suits is the same, or that some fact essential to the maintenance of the second action, was in issue and determined in the first action, adversely to the plaintiff.   In order to establish an identity between the causes of action in the two suits, it is not necessary that the claim made in the first action, embraced the same items sought to be recovered in the second. It is sufficient to bring the second action within the estoppel of the former judgment, that the cause of action in the former suit was the same, and that the damages or right claimed in the second suit, were items or parts of the same single cause of action, upon which the first action was founded.   The law, to prevent vexatious or oppressive litigation, forbids the splitting up of one single or entire cause of action into parts, and the bringing of separate actions for each ; and neither in this way nor by withholding proof of particular items on the trial, or by formally withdrawing them from the consideration of the jury, can the effect of the judgment, as a complete adjudication of the entire cause of action, be prevented.   There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be, and but one action for a single

breach of a contract. (*Farrington* v. *Payne*, 15 Johns. 432 ; *Smith* v. *Jones*, id. 229 ; *Miller* v. *Covert*, 1 Wend. 487.) But while the general principle is undeniable, that a former judgment on the same cause of action, bars a second action between the same parties, it is not always easy to determine when the causes of action are identical, or what is to be deemed a single or entire demand within the authorities.

In *Guernsey* v. *Carver* (8 Wend. 492), it was held that all the items due on a running account for merchandise sold, constituted but one demand, and that a recovery in one action for a part of the items, is a bar to a subsequent action for the residue. The same rule was applied in *Stevens* v. *Lockwood* (13 Wend. 646). In *Colvin* v. *Corwin* (15 Wend. 557), a judgment in an action to recover the price of one lottery ticket, sold to the defendant by the plaintiff's agent, was held to be a bar to a second action to recover the price of another lottery ticket, purchased of another agent at a different time and place. The decision proceeded on the ground, that the two sales, constituted but a single demand or cause of action. This case was strongly disapproved in *Secor* v. *Sturgis* (16 N. Y. 548), the court saying that it rested on no sound principle, and that it was a plain case of distinct and independent causes of action. The case of *Bendernagle* v. *Cocks* (19 Wend. 207) also proceeded upon the doctrine established by the earlier decisions, that an entire demand could not be severed, and separate suits brought thereon. If the case is subject to any criticism, it is because of the application of the doctrine to the facts of the case. The action was for breaches of distinct covenants to pay for manure and for work and labor, contained in an indenture of lease. The defendant pleaded in abatement, that the plaintiff had brought a prior action upon the lease, for the breach by the defendant of certain covenants therein on his part, which was still pending. The plaintiff replied that the covenants upon which the first suit was brought were other, distinct, and different, from those sued upon in the second action. The court sustained the defendant's demurrer to the replication, and he had judgment. It may be inferred from the opinion of Judge

COWEN, that all the covenants in the lease, were for the payment of different amounts of money by the lessee to the lessor; and the learned judge seemed to regard it like the case of a contract to pay money in installments, and in this way reached the conclusion that the different breaches constituted a single cause of action. "Looking," he says, "as I think we must, on the several defaults to pay items, as so many successive breaches of a single contract, we here have an authority for saying that all such breaches are but parts of one indivisible demand, so far as they were committed at the commencement of the suit."

The only question presented for our decision in this case, arises upon the defense, setting up in bar of the action, the judgment obtained by the plaintiff in a justice's court, in March, 1879, for $22, besides costs, in an action brought against the defendants subsequent to February 10, 1879, for having wrongfully dismissed him from their employment on that day, in violation of their contract to employ him for the period of a year from June 22, 1878. The present action is brought for wages stipulated to be paid by the contract of employment, and earned and due, at the time of the wrongful dismissal. The plaintiff neither in his complaint nor on the trial in the justice's action, claimed to recover the wages earned. The claim for wages, was expressly excluded by the terms of the complaint. It was an action solely for damages for the wrongful dismissal. On the other hand, in this action, the complaint sets out the contract of employment, alleges the rendition of services thereunder, and that the sum of $155.55, was due and owing the plaintiff therefor, for which sum, judgment is demanded. There is no averment of a wrongful dismissal, and no claim for damages therefor.

The decision of the question whether the judgment in the justice's action, is a bar to this action, turns, we think, upon the point whether the claim for wages earned and due before the wrongful dismissal, and the claim for damages for such dismissal, constituted a single and indivisible demand, within the authorities, or two separate and independent causes of action. It is doubtless true, that the plaintiff could have prosecuted in

one action, the claims for wages, and for damages for the wrongful dismissal. But it is not a test of the right of a plaintiff to maintain separate actions, that all the claims might have been prosecuted in a single action. A plaintiff having separate demands against a defendant on contract, or arising from distinct trespasses or wrongs, is not required to combine them in one action, although in most cases he may do so at his election. He may prosecute them separately, subject to the power of the court, in furtherance of justice, and, to prevent undue vexation and costs, to order the actions to be consolidated. (*Phillips* v. *Berick*, 16 Johns. 136.) That the claim for wages earned and due before the dismissal, and for damages for the wrongful dismissal, constituted two separate and independent causes of action, is clear upon reason and authority. The right to recover the wages was complete and perfect, before the right to damages accrued. Upon the wrongful dismissal, a new cause of action arose, wholly disconnected, in its origin and nature, with the claim for wages. A suit by a servant for wages due, is consistent with the continuance of the contract of employment, and of actual service thereunder. A suit for a wrongful dismissal, proceeds upon the ground of an entire repudiation of the contract by the master. The suit for wages is brought to recover for services rendered; the action for wrongful dismissal, to recover compensation for the loss of a situation, and for not being allowed to serve and earn wages under the contract. The wages could not have been proved or recovered under the pleadings in the justice's action, nor the damages for the wrongful dismissal in this. In an action for wrongful dismissal, occurring in the middle of a quarter or period, before wages are due and payable under the contract of employment, compensation for services in the broken quarter or period, may be recovered as part of the damages, for by the wrongful dismissal the plaintiff was prevented from earning the wages for the broken quarter under the contract, and compensation for the service actually rendered, is justly allowed as part of the damages. This was decided in *Goodman* v. *Pocock* (15 Ad. & Ell. [N. S.] 576). The plaintiff in that case was dismissed in the middle of a

quarter, and had brought a former action, joining in the declaration counts in assumpsit for work and labor, etc., with a special count for a wrongful dismissal. On the trial of that action the judge ruled that the plaintiff could not recover for services in the broken quarter, under the special count, because what might be due for such service was recoverable under the *indebitatus assumpsit* count only, and that no recovery could be had under that count, because the claim was not included in the particulars. Afterward the plaintiff brought his action to recover for services in the broken quarter, and it was held that those services should have been proved and allowed as damages in the first action, under the special count, and that a second action therefor could not be maintained. The misdirection of the judge in the first action, did not prevent the judgment therein operating as an estoppel, upon the well-settled rule that such errors are to be corrected by a direct proceeding in the action in which they are committed. The case of *Hartley* v. *Harman* (11 Ad. & Ell. 798), is an authority upon the proposition that in an action for wrongful dismissal, wages earned and due at the time of such dismissal, are not recoverable. The cause of action for wages is independent of the wrongful dismissal. The amount of wages earned and due, are in no sense a part of the damages resulting from the wrongful dismissal. (See, also, Smith's Master and Servant, 96, 97.)

Assuming, therefore, as the conclusion from reason and authority, that the claim for wages earned, and the claim for wrongful dismissal, constitute two separate and distinct causes of action, it follows, that a suit and judgment upon one of them, is not a bar to a suit on the other, unless there is some general rule or principle of law, distinguishing between different causes of action arising out of one instrument or contract, and causes of action arising out of separate contracts, which requires that in the former case, all the causes of action for which there is a present right of action, shall be governed and treated, for the purpose of prosecution, as though they constituted one entire and indivisible demand.

We are of opinion that no such general principle is estab-

lished in the law.  The cases in respect to running accounts proceed upon the rational ground that it is implied, from the nature of the dealing, that all the items are parts of one continuous transaction, and shall be regarded as representing a single demand.  *Bendernagle* v. *Cocks*, is an extreme case upon the point of what shall be deemed a single demand, or cause of action.  But we think it cannot be regarded as establishing, that the bare fact that different causes of action spring out of the same contract, *ipso facto* renders a judgment on one, a bar to a suit on another, however distinct they may be, or however dissimilar the breaches, in their nature or origin.

In this case the causes of action for wages and for a wrongful dismissal in a sense arise out of the same general contract. But the right to the wages was given by the contract.  The right to damages results from the wrongful termination of the employment, which, so far as the defendants could do so, put an end to the contract altogether.  The right to recover the wages, and the amount the plaintiff was entitled to therefor, was definite or capable of being made so, at the very time they were due.  The damages for the wrongful dismissal, were incapable of exact ascertainment until the period for which the plaintiff was hired had expired, as they might be mitigated by his procuring other employment.  In such a case must a plaintiff postpone his action for wages until the period of employment has expired?   Or if he sues for his wages immediately on the dismissal, must he join in that action his claim for damages? We are of opinion that this alternative is not presented to him, and that he may bring his action upon either of the causes of action, without being barred by judgment thereon, from subsequently bringing an action on the other.

It is to be recollected, that the principle is, that a former judgment is a bar to a subsequent action, when it is for the same cause.  It would, we think, be unwarrantable to hold, that the causes of action in the justice's suit, and in this, are the same, or to treat the two causes of action as one, for the purpose of bringing the claim for wages, within the estoppel of the judgment in the first action.

The judgment of the General Term should be affirmed, with costs.

All concur, except FOLGER, Ch. J., absent.

Judgment affirmed.