## HOWARD v. HUNTER.

### (Supreme Court, Appellate Term. June 1, 1906.)

ACTIONS—SPLITTING UP OF ACTIONS—INDIVISIBLE CONTRACT.

A contract, whereby one agreed for a year to sell automobile tops to be manufactured by another, and to receive for his services all sums obtained for the tops over and above a specified sum as fixed by the latter, is an entire and indivisible contract, though different prices were fixed for tops to be sold to different customers, and an action for the compensation under the contract cannot be split up.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Action, §§ 593–623.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action bv Louis C. Howard against Stephen D. Hunter. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Hastings & Gleason (Charles M. MacLaren, of counsel), for appellant.

Jacob M. Kram, for respondent.

GILDERSLEEVE, J. By his verified complaint in this action, the plaintiff avers in the second paragraph thereof that:

"In the month of December, 1904, the defendant and the plaintiff entered into an agreement whereby and wherein the plaintiff for the term of one year agreed to sell, and to offer for sale, certain automobile tops, which were to be manufactured by the defendant, and for which the defendant promised and agreed to pay the plaintiff for his said services any and all sums of money, which the plaintiff might obtain for said tops over and above the sum of $50 per top. That as part of said agreement it was further agreed between the defendant and the plaintiff that such sums of money were to be paid to the plaintiff on all sales so made by the latter for said term of one year, and on all duplicate and repeat orders of such sales received by the defendant during said year."

The complaint then sets forth that the plaintiff did thereafter sell a great number of automobile tops, "among others to the Haupt Company"; that, as a result of such sales and the repeat orders, the plaintiff earned about $500 and demanded judgment for that sum. The answer was a general denial and a counterclaim. The issue was one of fact. Upon the trial conflicting testimony was given, and the judge submitted the questions to the jury in a charge to which neither side excepted. The jury rendered a verdict in favor of the plaintiff for $200. We see no reason for disturbing the judgment in this case.

On the same day another case between the same parties was tried (No. 2). This second case was begun by a summons issued upon the same day as in action No. 1 and returnable on the same day as the summons in this action. Paragraph No. 2 in the verified complaint in action No. 2 is exactly similar to paragraph No. 2 in the complaint in action No. 1, except that there it avers that the plaintiff was to receive "any and all sums of money, which the plaintiff might obtain for said tops over and above the sum of $47.50." The balance of the complaint

is also similar to the complaint in action No. 1, except that it avers a sale of automobile tops to the Cadillac Company, instead of the Haupt Company as set forth in the complaint in action No. 1. The answer interposed in action No. 2, among other things, set up the pendency of action No. 1, and alleged that in that action the plaintiff sought to recover damages for a breach of the same contract as set forth in the complaint in action No. 2. The judgment roll in action No. 1, was offered and received in evidence in action No. 2, and the defendant at all times during the trial and at the close preserved his rights by moving to dismiss the action, upon the ground that plaintiff had brought two actions for the same cause of action. This motion was denied, and the case submitted to the jury and a verdict for $500 was rendered in favor of the plaintiff, and from the judgment this appeal is taken.

This judgment cannot be sustained. The plaintiff in his brief claims to be entitled to recover in separate actions for sales to each company, to which sales were made by him, for the reason that he had separate conversations during the month of December, 1904, with one Ferris, the representative of the defendant; such conversations having reference to the sale of automobile tops to different customers. This position is untenable. "The principle is well settled beyond dispute that a judgment concludes the rights of the parties in respect to the cause of action stated in the. pleadings on which it is rendered, whether the suit embraces the whole or only part of the demand constituting the cause of action. It results from this principle, and the rule is fully established, that an entire claim, arising either upon a contract or from a wrong, cannot be divided and made the subject of several suits." Secor v. Sturgis, 16 N. Y. 548–554. The plaintiff alleges a single indivisible contract made with the defendant for the term of one year to sell automobile tops. There is nothing in the testimony given to show otherwise. It is true that the rate of compensation for the services of the plaintiff was, according to his sworn complaints and testimony, to be fixed as "all sums of money he could obtain over and above" certain prices fixed by the defendant for each kind of top so to be sold by him; but, from the fact that during the month of December, 1904, the plaintiff had several conversations with the defendant's agent in which prices were given relative to tops to be sold to different customers of the defendant, it cannot be said that each conversation created a new contract for the sale of tops to the particular customer who may have been the subject of each conversation. "In order to establish an identity between the causes of action in two suits, it is not necessary that the claim made in the first action embraced the same items sought to be recovered in the second. It is sufficient, to bring the second action within the estoppel of the former judgment, that the cause of action in the former suit was the same, and that the damages or right claimed in the second suit were items or parts of the same single cause of action upon which the first was founded." Perry v. Dickerson et al., 85 N. Y. 345–347, 39 Am. Rep. 663. The law to prevent vexatious or oppressive litigation forbids the splitting up of one single or entire cause of action into parts, and the bringing of separate actions for each, and neither in this way nor by withholding proof of particular items at the trial, or by formally withholding them from the consideration of the jury, can the effect of

the judgment as a complete adjudication of the entire cause of action be prevented. Id. Here the plaintiff, by his own complaint, states that in December, 1904, he entered into a contract for one year with the defendant to "sell and offer for sale" automobile tops to be manufactured by defendant. Undoubtedly the tops were of different values, dependent upon what machine they were to be applied, and consequently the amount of plaintiff's compensation for his services was to be determined by the price fixed by the defendant upon each kind of top ordered by or procured through the efforts of the plaintiff, and it may be true that the prices so fixed by the defendant upon the several kinds of tops may have been fixed by or communicated to the plaintiff, by defendant's representative, in several conversations during December, 1904; but the contract entered into by plaintiff was nevertheless an entire, indivisible one, and the attempt to sustain one or more causes of action by "withholding proof of particular items" cannot be upheld in law or in equity.

Judgment in action No. 2 reversed, and complaint dismissed. All concur.