(61 Misc. Rep. 509.)

### LA HAYE v. BORATED SPECIALTY CO.

(City Court of New York, Special Term.   December, 1908.)

1. JUDGMENT (§ 609*)—RES JUDICATA.
   That two causes of action may spring out of the same contract does not ipso facto render a judgment on one a bar to an action on the other.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1121, 1122; Dec. Dig. § 609.*]

2. JUDGMENT (§ 609*)—RES JUDICATA.
   Where plaintiff recovered a judgment for salary and expenses up to the date of her discharge, it is not a bar to an action for wrongfully discharging her.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1121; Dec. Dig. § 609.*]

Action by Emille A. La Haye against the Borated Specialty Company.   Motion to amend answer denied.

Morris I. Price, for plaintiff.

McReynolds & Hunter, for defendant.

DELEHANTY, J.   This action is instituted to recover the sum of $875 for a breach of contract of personal employment.   On or about the 6th day of August, 1907, it is claimed plaintiff and defendant entered into an agreement whereby the defendant hired and employed the plaintiff as a traveling saleslady for a period commencing on said day and terminating on the 5th day of August, 1908, at a salary of $25 per week, together with traveling expenses.   On November 30, 1907, the plaintiff, as claimed, was unlawfully discharged, and this action was begun to recover damages for the breach of said contract. On or about the 26th day of December, 1907, the plaintiff herein instituted an action against the defendant herein in the Municipal Court of this borough to recover the sum of $150 salary due plaintiff under the contract in question, from October 19, 1907, to November 30, 1907, the date of discharge above mentioned, and also to recover $32.80, being the amount laid out and expended by plaintiff for traveling expenses above the amount received by her prior to her alleged discharge.   By stipulation a judgment was entered in that action on January 14, 1908, in favor of plaintiff and against defendant, for $182.80. Defendant now applies for leave to amend its answer herein by pleading the Municipal Court judgment in bar of this action.

The motion cannot prevail, for the reason that, if the defense of res adjudicata were pleaded, it would be unavailable to defendant, as the actions are dissimilar in nature.   The Municipal Court action was for salary and money laid out and expended prior to the alleged dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charge, whereas the action at bar is for damages for a breach of contract. To sustain a plea of a former judgment in bar, it must appear that the cause of action in both suits is the same, or that some fact essential to the maintenance of the second suit was in issue in the first action and was decided adversely to plaintiff. The bare fact that two causes of action spring out of the same contract does not ipso facto render a judgment on one a bar to a suit on the other. Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663. It follows that the motion must be denied, with $10 costs.

Motion denied, with $10 costs.