# THE

# NEW YORK SUPPLEMENT

## VOLUME 148

---

SMITH BROS., Inc., v. STERN et al.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. JUDGMENT (§ 593*)—CONCLUSIVENESS—MATTERS CONCLUDED—IDENTITY OF SUBJECT-MATTER.

   Where defendant had agreed to have plaintiff publish his advertisements for three years at an agreed price, but after one year canceled the contract, a recovery for the agreed price of the advertisement, which had been published before the cancellation, does not bar a subsequent action for the breach of the contract, even though both causes of action existed at the time the first action was brought and might have been included in that action, since the action for the breach was a separate and distinct cause of action from that for the recovery of the installments earned under the contract.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1108; Dec. Dig. § 593.*]

2. ACTION (§ 53*)—JOINDER—CLAIMS ARISING OUT OF SAME CONTRACT.

   Where there is a single cause of action consisting of several items or installments, all that are due at the time of the commencement of the first action must be included, but this rule does not apply to separate and distinct causes of action.

   [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–551, 553–623; Dec. Dig. § 53.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Smith Bros., Incorporated, against Sigfried Stern and another. Judgment for the defendants, and plaintiff appeals. Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Norman & Church (Hugart F. Norman, of New York City, of counsel), for appellant.

Herman Lubetkin, of New York City (James R. Speers, of New York City, of counsel), for respondents.

PAGE, J. The parties to this action entered into a contract whereby plaintiff agreed to publish advertisements of the defendants' business in each issue of a trade journal for three years from April, 1912, to March, 1915, at an agreed price of $104 per year. On June 18,

---

1913, defendants notified the plaintiff that they canceled the contract and instructed plaintiff to do no more advertising for them. In February, 1914, the plaintiff brought an action against the defendants to recover the balance due under the contract for the first year's advertising, which had been fully earned prior to the notification of cancellation, and recovered judgment therefor. This action is brought for damages for defendants' breach of the contract. The measure of damages is alleged as the amount that the plaintiff would have received under the contract, had it been performed. The defendants pleaded the former action, and judgment as a bar to this action. The court below gave judgment for the defendants upon the pleadings and the judgment roll in the former action.

[1, 2] An action to recover a sum due and owing, according to the terms thereof, upon a portion of a contract that has been performed, is entirely separate and distinct from a cause of action arising out of a subsequent breach of the contract. While it is true both causes of action existed at the time the first action was brought, and could have been included in the complaint in that action, plaintiff, however, was not obliged to do so. Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663. The rule is that where there exists a single cause of action, consisting of several items or installments, all that are due at the time of the commencement of the first action must be included. The rule does not apply to several separate and distinct causes of action.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.