JOHN J. CROGER, Respondent, *v.* F. A. SALES Co., INC., Appellant.

(Supreme Court, Appellate Term, First Department, January, 1919.)

Contracts — sale of goods on commission — actions — evidence — trial — when judgment in favor of plaintiff affirmed.

Trial — charge to jury in assessing damages — when error harmless.

> Plaintiff, hired on a certain day for one year, to sell goods for defendant on commission, was unlawfully discharged after working for about three months, and during the seven months next succeeding the commencement of his employment, the sales by defendant of goods in the territory in which plaintiff was employed to sell, amounted to about $5,000, on which the commissions would have been $1,250. The complaint in an action to recover a balance alleged to be due plaintiff did not distinguish between the cause of action for unlawful discharge and the cause of action for commissions earned during the term of employment, but plaintiff, without objection, gave evidence as to the amount of sales actually made from the date of his employment to the date of his discharge and also to the end of the seven months' period. *Held,* that the case having been tried upon the theory that there were two causes of action and two independent items of damages to be passed on by the jury, a judgment in favor of plaintiff will be affirmed.

The trial justice charged the jury that in assessing the damages they might find two items, one for the amount due for unpaid commissions and the other for damages sustained on account of the unlawful termination of plaintiff's employment, if they found there was an unlawful termination thereof. *Held,* that in so far as the charge, to which no exception was taken, failed to indicate defendant's contention that the commissions were to be at a rate somewhat less than that testified to by plaintiff, the error was harmless because predicated upon the further instruction: "If you find that the defendant's version is correct."

Delehanty, J., dissents.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, rendered in favor of the plaintiff for the sum of $1,000 and costs.

Nathan Vidaver, for appellant.

David Bernstein, for respondent.

BIJUR, J. The complaint alleges that plaintiff was hired on November 14, 1917, for one year to sell goods in the state of Pennsylvania for defendant at a commission of 25 per cent; that he entered upon his employment but was unlawfully discharged February 23, 1918; that during the period from November 14, 1917, to July 1, 1918, the sales by defendant of goods in the state of Pennsylvania amounted to some $5,000, on which the plaintiff's commissions would have been $1,250, no part of which has been paid except the sum of $235.

The defendant, on the other hand, contended that the hiring was merely by the month, and that the commission was only 20 per cent.

No attempt is made in the complaint to distinguish between the cause of action for unlawful discharge and the cause of action for commissions earned during the

term of the employment. See *Perry* v. *Dickerson,* 85 N. Y. 345. In this connection, the allegation as to the amount of commissions earned between the date of employment and July 1, 1918 — four months after the discharge — is meaningless and confusing. Appellant apparently now claims that the plaintiff was not " strictly speaking " entitled to recover in this action any commissions actually earned. On the trial, however, plaintiff, without objection, gave evidence of the amount of sales actually made from the date of his employment to the date of his discharge, and also to July first. Moreover, in a colloquy between court and counsel in the midst of the trial it was pointed out by plaintiff's counsel that the plaintiff made two claims to recover in the action, one for commissions actually earned and the other for damages for wrongful discharge, and this evoked neither exception nor criticism from defendant's counsel.

No motion to dismiss the complaint was made at the close of the plaintiff's case, and at the close of the entire case defendant's motion to that effect was based merely on the ground that " the plaintiff has failed to substantiate the allegations of his complaint."

Finally, the learned judge below, at the request of plaintiff's counsel, charged the jury that " in assessing the damages they (the jury) may find two items, one, the amount due plaintiff for unpaid commissions, and the other, for damages sustained on account of the unlawful termination of plaintiff's employment if they find there was an unlawful termination of the employment," *to which no exception was taken.*

While, therefore, the complaint is undoubtedly unartificially drawn, the case was tried on the theory that there were two causes of action and two independent items of damage to be passed on by the jury. Defendant was really benefited by this mode of trial

because from the record it seems to be apparent that had separate suits been brought the aggregate of plaintiff's recovery could well have been considerably larger than the jurisdictional $1,000 to which the present verdict was confined. In so far as the charge of the judge failed to indicate defendant's contention that the commissions were to be at a rate somewhat less than that testified to by plaintiff, the error was harmless because it was predicated upon the further instruction: "If you find that the defendant's version is correct." It is self-evident that the jury rejected defendant's version of the entire transaction and adopted the plaintiff's.

I think, therefore, that the judgment should be affirmed with twenty-five dollars costs.

GUY, J., concurs.

DELEHANTY, J. (dissenting). Plaintiff sued to recover damages for breach of an oral contract of employment, alleging that he was engaged to act as salesman for the defendant in the state of Pennsylvania for the period of one year on a commission basis of twenty-five per cent on all the goods sold in his territory.

The complaint set forth the hiring of the plaintiff on or about the 14th day of November, 1917, and the terms upon which he was to be remunerated for his services. It further states that " plaintiff in pursuance to the terms of the agreement aforesaid, entered into and upon his employment as aforesaid, and continued therein until on or about the 23d day of February, 1918, upon which date this defendant wrongfully and unlawfully discharged plaintiff from its employment and failed and refused and still fails and refuses to continue plaintiff in its employment as

aforesaid.'' Plaintiff further alleged that down to July 1, 1918, goods were sold by the defendant in the state of Pennsylvania amounting to $5,000, and '' that by reason of the breach aforesaid there became due and owing from the defendant to plaintiff the sum of One thousand, two hundred and fifty ($1,250.) Dollars, no part of which said sum has been paid, except the sum of Two hundred and thirty-five and 72/100 ($235.72) Dollars, and that plaintiff hereby waives payment of the sum of Fourteen and 28/100 ($14.28) Dollars, leaving a balance due from defendant to plaintiff of the sum of One thousand ($1,000.) Dollars,'' for which sum judgment was demanded. Defendant contended that plaintiff was employed for thirty days only, upon trial, and that his commission was to be twenty per cent.

Proof was admitted in evidence showing the amount of the orders taken by the plaintiff during the period of his actual employment, and also the amount of orders coming in from his territory. This testimony was properly accepted by the court below for the purpose of measuring the damages sustained by the plaintiff by reason of his unlawful discharge. It was not admissable under the pleadings for any other purpose, for the allegations in the complaint with reference to commissions earned are purely by a pleading of plaintiff's evidence as to the damages sustained by him as a result of the breach of contract of employment. When it came to submitting the case to the jury, the plaintiff requested and the Court charged, over defendant's exception, as follows: '' That even if they (the jury) find that the defendant's version is correct, that he was not employed for a year, the evidence in this case is that between the 28th of November, 1917, down to the date of the alleged discharge, February 23rd, 1918, there were sold by Mr. Croger direct,

and orders coming in from the territory of Pennsylvania, a total sum which would entitle him to Eight hundred and ninety-five dollars and thirty cents, having been paid, according to the evidence, Two hundred and thirty-five dollars and seventy-two cents, thus leaving a balance of Six hundred and fifty-nine dollars and sixty-two cents; that is, even if he was not hired for a year."

It is obvious that the charge contains serious error, and that the jury was given a wrong impression of the issue presented for determination. If defendant's version of the negotiation were accepted, the plaintiff would not have been entitled to recover at all in this proceeding. This is an action solely for breach of contract, and not an action for wages or commissions earned under that contract. The only recovery that the plaintiff could have after the thirty day period under the proceedings in the court below would be upon a *quantum meruit,* and in that form of action no compensation could be had upon orders that the plaintiff himself did not procure. It was the defendant's version also that recovery was to be had for twenty per cent and not twenty-five per cent commission, and lastly the court by its charge practically instructed the jury to award plaintiff compensation for services rendered, while the action, as mentioned above, is one for breach of a yearly contract of employment.

In a colloquy between the court and counsel in the midst of the trial, the court said: "The only question before us it seems to me, is this, whether or not this man was employed on an oral agreement for a year, as he has testified." To this defendant's counsel replied, "correct." As to the court's charge, the record discloses that the defendant definitely excepted to the proposition that the jury might award commissions to the plaintiff even if they found that defendant

40

Appellate Term, First Department, January, 1919.    [Vol. 105.

did not wrongfully terminate the plaintiff's employ-
ment. It is true that no exception was noted after
the plaintiff's request to charge that "in assessing
the damages they (the jury) may find two items, one,
the amount due plaintiff for unpaid commissions, and
the other, for damages sustained on account of the
wrongful termination of plaintiff's employment if they
find there was any unlawful termination of the employ-
ment," but such statement was only one of several
to the same effect to which defendant had taken
exception.

It needs no citation of authorities, I assume, to
demonstrate that where a party seeks to recover dam-
ages for the breach of a contract of employment, and
also to recover wages or commissions earned under
that contract, he has two distinct causes of action that
must be separately pleaded and proven. The court
failed to observe this important point, and its failure
to do so has resulted in such confusion that the defend-
ant was precluded from obtaining a fair decision in
the court below.

Judgment should be reversed and a new trial
granted, with thirty dollars costs to appellant to abide
the event.

Judgment affirmed, with twenty-five dollars costs.