In the Matter of Proving the Last Will and Testament of JOHN JOSEPH O'NEIL, Deceased, as a Will of Real and Personal Property.— Order of the Surrogate's Court of Queens county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Kelby and Young, JJ.

LENA JEWELL, Respondent, v. SEWARD S. SMITH, Appellant.— Judgment and order reversed upon the law, with costs, and complaint dismissed, with costs, upon the ground that the plaintiff failed to prove any employment by the defendant, and that the evidence is not sufficient to show ratification on the part of the defendant. Rich, Manning, Kelby, and Young, JJ., concur; Kelly, P. J., dissents.

EDITH JOHNSTON, by Her Guardian ad Litem, MARGARET JOHNSTON, Appellant, v. PHILIP A. O'NEIL, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Young, JJ.

HENRY W. JOY, Respondent, v. URBAN MOTION PICTURE INDUSTRIES, INC., Appellant.— The complaint sets up two causes of action, one for the amount due to the plaintiff for services rendered from December 25, 1922, to April 21, 1923; the other for damages alleged to have been caused by the defendant's breach. (Perry v. Dickerson, 85 N. Y. 345; Carlson v. Albert, 117 App. Div. 836.) The order denying defendant's motion to separately state and number the causes of action is, therefore, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

GUSTAV W. KLEIN and Another, Respondents, v. AMY JENKINS, Appellant.— Judgment of the City Court of Yonkers unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Manning, Kelby and Young, JJ.

WILLIAM D. KRAFT, Appellant, v. STILES & MERRIAM, INC., Respondent.— Judgment and order reversed upon the law and the facts, and new trial granted, with costs to abide the event. The article complained of is capable of but one construction, and is libelous per se. The affidavit of Mrs. Kraft, set out in the answer, constituted no defense to the action. The only question which should have been submitted to the jury was the amount of damages to be awarded. The court erred in charging that there was no question of actual malice in the case, and that punitive damages could not be given. This should have been left to the jury. (Crane v. Bennett, 177 N. Y. 106.) Kelly, P. J., Rich, Jaycox, Manning and Young, JJ., concur.

CHARLES LEHRER, an Infant, by MIRIAM LEHRER, His Substituted Guardian ad Litem, Appellant, v. LINDLEY M. GARRISON, as Receiver of the CONEY ISLAND AND BROOKLYN RAILROAD COMPANY, Respondent.— Order setting aside verdict and granting a new trial unanimously affirmed, with costs to abide the event. No opinion. Present — Kelly, P. J., Rich, Manning, Kelby and Young, JJ.