THE GENERAL TANNING CORPORATION, Appellant, v. CONSOLIDATED SEWING MACHINE AND SUPPLY CO., INC., Respondent.*

Second Department, November 13, 1933.

* See 147 Misc. 687. Affd., 264 N. Y. ——.

*Robert S. Kristeller*, for the appellant.

*Philip E. Rosenblum* [*Samuel Horowitz* with him on the brief], for the respondent.

Per Curiam.   On April 13, 1927, it was agreed between plaintiff and defendant that plaintiff should manufacture and deliver to defendant and defendant should receive 24,000 leather belts, at thirty cents per belt, at the rate of 2,000 belts per month.   In April and May, 1927, plaintiff had delivered and defendant had paid for 3,000 belts.   On June 29, 1927, plaintiff delivered 2,000 belts; on August 15, 2,000 belts, and on August 25, 30 belts.   At the time of the delivery of the 30 belts, the two items aggregating 4,000 belts had not been paid for, except $300 on account.   When the 30 belts were delivered on August 25, 1927, defendant said, not only that he would not pay for them and the 4,000 belts delivered on June 29 and August 15, but that he would not accept any more belts.   In November, 1927, plaintiff commenced an action in the Municipal Court for the reasonable value of the 4,030 belts delivered as stated, and, despite a counterclaim of breach of warranty, recovered a judgment for the sum claimed.

In this action, in which plaintiff seeks to recover damages for a breach of the contract in refusing to take the balance of the goods, defendant claims that the prior action is a bar.

Plaintiff's motion for summary judgment was denied, and although no cross-motion was made, judgment on the pleadings was granted to defendant.

In our opinion, the prior action is not a bar to this action.   When the goods were delivered, judgment for the reasonable value of which was granted in the Municipal Court, payment immediately became due, nothing to the contrary appearing.   (Pers. Prop. Law, § 123.)   At or after such delivery, defendant renounced the contract.   Thereupon plaintiff had a cause of action for the price of the goods then payable, which had been delivered, and an action for breach of contract for damages in refusing to accept the balance. (*Perry* v. *Dickerson*, 85 N. Y. 345; *Howard* v. *Daly*, 61 id. 362; *Henderson Tire & Rubber Co.* v. *Wilson & Son*, 235 id. 489.)

That plaintiff sued on a *quantum meruit* for the goods delivered, instead of the price under the contract, does not alter the situation. Plaintiff has never rescinded the contract.   If the goods delivered were not payable until after the time defendant renounced the contract, a different situation would arise.

The order in so far as it denies plaintiff's motion for summary judgment should be affirmed; in so far as it grants judgment on the pleadings in favor of defendant the order and the judgment entered

thereon should be reversed on the law, and the motion therefor, to the extent that it may be deemed to have been made, denied. As there may be some uncertainty as to the time when the goods delivered were payable, there should be a trial.

LAZANSKY, P. J., KAPPER, HAGARTY, CARSWELL and DAVIS, JJ., concur.

Order in so far as it denies plaintiff's motion for summary judgment affirmed; in so far as it grants judgment on the pleadings in favor of defendant the order and the judgment entered thereon are reversed on the law, and motion therefor, to the extent that it may be deemed to have been made, denied. As there may be some uncertainty as to the time when the goods delivered were payable, there should be a trial.