WARD N. BRITTON, Plaintiff, *v.* WILLIAM W. FOSTER, Defendant.

Supreme Court, Monroe County, May 4, 1937.

*Harris, Beach, Folger, Bacon & Keating,* for the motion.

*William L. Clay,* opposed.

KNAPP, J. The plaintiff brought an action against this defendant, together with a number of other defendants, claiming that these defendants jointly and severally had entered into a conspiracy to defraud the plaintiff, and that their negligent acts resulted in damage to the plaintiff. That was the purport of the action although the language I have used is not perhaps the exact language in the plaintiff's complaint.

The second action, the one now in question, is brought against the defendant Foster only. He was also a defendant in the first action. The principal difference, as I read the complaint, lies in

the fact that in the first action in which the defendant Foster is joined with other defendants it is charged that they jointly and severally negligently did certain acts; and in the second action against Foster alone the complaint is that he did the same acts fraudulently, willfully and knowingly.

The same acts, however, are alleged in both causes of action. There is no change as to the facts. The question is as to whether or not a complete and indivisible claim can be split into two independent actions, both running at the same time, by charging negligence in one action, and in the second action charging the same facts but alleging that such acts were done fraudulently, willfully and knowingly.

In *Secor* v. *Sturgis* (16 N. Y. 548) the court held that an entire claim arising either upon a contract or for a wrong cannot be divided and made the subject of several actions; and if several actions be brought for different parts of such claim the pendency of the first may be pleaded in abatement of the others.

In *Perry* v. *Dickerson* (85 N. Y. 345) the court says: " The law, to prevent vexatious or oppressive litigation, forbids the splitting up of one single or entire cause of action into parts, and the bringing of seperate actions for each; and neither in this way nor by withholding proof of particular items on the trial, or by formally withdrawing them from the consideration of the jury, can the effect of the judgment, as a complete adjudication of the entire cause of action, be prevented. There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be, and but one action for a single breach of contract." The same rule is held in *Dickinson* v. *Tysen* (125 App. Div. 734).

If this action against Foster individually can be maintained there is no reason why separate actions against all of the other defendants might not be brought, setting forth the same facts as in the original action, but changing the phraseology as to how such acts were done by such defendant.

I am unable to see why all of the relief that the plaintiff seeks cannot be granted in the first action, if he is successful. This is an action at law for damages. The jury will have all the facts before them. If the wrong has been committed by the defendants, or any of them, as alleged in the plaintiff's complaint, he is entitled to a verdict; if not, then he ought not to be permitted to split up his cause of action for the same wrong into a number of suits sc that if he is defeated in one he may be successful before another jury in another.

Motion is granted, with costs.

Prepare order.