Defendants appeal from an order which denied their motion to dismiss the amended complaint on the ground that the contract on which the action is founded is unenforcible under the Statute of Frauds (Personal Property Law, § 31, subd. 1) ;■ or, in the alternative, to strike out certain portions of the amended complaint as frivolous and irrelevant; to require plaintiff separately to state and number the alleged causes of action set forth in the amended complaint; and to-make more definite and certain the allegations in .paragraph “Seventh” of the amended complaint. Order reversed on the law, without costs, and the motion granted to the extent that plaintiff is required to serve a second amended complaint, within ten days of the entry of the order hereon, separately stating and numbering the various causes of action alleged. The contracts, as pleaded, are not within the Statute of Frauds; and the allegations as to the renewals thereof are sufficiently definite and certain. However, the amended cojnplaint improperly commingles several causes of action. {Perry v. Dickerson, 85 N. Y. 345; Carlson v. Albert, 117 App. Div. 836.) While it is unnecessary to pass upon that, part of defendants’ motion which seeks to strike out certain portions of the amended complaint as irrelevant and unnecessary, we observe that the *794 new pleading should avoid the useless verbiage and irrelevant and evidentiary matter present in the amended complaint. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.